# **<u>EXHIBIT A</u>**

Robenzadeh Law, P.C.
Judith K. Robenzadeh, Esq (SBN# 305318)
324 S. Beverly Drive. #1211
Beverly Hills, CA 90212
310-666-4328 Telephone
Judith@robenzlaw.com

Attorney for Plaintiff,
Soheila Khakshouy

**Electronically FILED by
Superior Court of California,
County of Los Angeles
10/11/2024 10:24 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## UNLIMITED JURISDICTION

|  |  |
|---|---|
| SOHEILA KHAKSHOUY,<br><br>Plaintiff,<br><br>vs.<br><br>**MERCEDES-BENZ USA, LLC, and MERCEDES-BENZ OF BEVERLY HILLS;DOES 1-10 INCLUSIVE,**<br><br>Defendant. | Case No.: 24STCV26474<br><br>**COMPLAINT**<br>1. Breach of Express Warranty (California Civil Code § 1793.2(d), 15 U.S.C. § 2301)<br>2. Breach of Implied Warranty of Merchantability (California Civil Code §§ 1792, 1791.1)<br>3. Violation of Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.)<br>4. Violation of California's Lemon Law (California Civil Code § 1793.2 et seq.)<br>5. Negligence<br>6. Violation of California Consumers Legal Remedies Act (CLRA) (California Civil Code § 1750 et seq.) |

_____    **(Amount to Exceed $35,000)**

NOW COMES the Plaintiff, Soheila Khakshouy, by and through Plaintiff's

attorney, Robenzadeh Law, P.C., and for Plaintiff's Complaint against Mercedes-Benz USA,

LLC and Mercedes-Benz of Beverly Hills, alleges and affirmatively states as follows:

# INTRODUCTION

1. Plaintiff, Soheila Khakshouy, entered into a lease agreement for a new 2023 Mercedes-Benz EQC 450+ from Mercedes-Benz of Beverly Hills on January 1, 2024. On June 19, 2024, while driving westbound on the 10 Freeway at 65 mph after picking up the vehicle from the dealership following a safety recall repair, the hood latch failed, causing the hood to fly open and bend backward onto the windshield. This created an immediate safety hazard for Plaintiff and her daughter, who was in the vehicle at the time.

2. Despite multiple repair attempts by Mercedes-Benz of Beverly Hills to address various defects, including issues with the brake system and the Keyless Go system, the vehicle continues to exhibit serious mechanical issues, significantly impairing its use, value, and safety.

3. Plaintiff now seeks relief under California's Lemon Law (Song-Bervely Consumer Warranty Act), as well as other applicable consumer protection statutes, seeking a refund of all payments made, civil penalties, damages, and attorney's fees.

# PARTIES

4. Plaintiff, Soheila Khakshouy ("Plaintiff"), is an individual who leased the subject vehicle in the State of California on January 1, 2024.

5. Defendant, Mercedes-Benz USA, LLC ("Manufacturer"), is a limited liability company authorized to do business in the State of California. It is engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services. Manufacturer markets, supplies, and sells written warranties to the public through its authorized dealerships and operates throughout all counties in California.

# FACTUAL ALLEGATIONS

6. Plaintiff, Soheila Khakshouy, leased a new 2023 Mercedes-Benz EQC 450+ from Mercedes-Benz of Beverly Hills on January 1, 2024. Despite the initial satisfaction with the

1   vehicle, Plaintiff soon began experiencing multiple defects that compromised the vehicle's

2   performance, safety, and reliability.

3        7.     On February 23, 2024, Plaintiff brought the vehicle to Mercedes-Benz of Beverly

4   Hills for repairs due to a grinding noise from the front brake system. Despite the dealership's

5   efforts, the issue was not resolved.

6        8.     On June 11, 2024, Plaintiff returned the vehicle for additional repairs, this time

7   for a Keyless Go malfunction and main fuse box replacement. The vehicle was returned to

8   Plaintiff on June 19, 2024.

9        9.     Later that same day, while driving westbound on the 10 Freeway at 65 mph, the

10   hood latch catastrophically failed, causing the hood to fly open and bend backward onto the

11   windshield, completely obstructing Plaintiff's vision and putting both her and her daughter in

12   immediate danger.

13        10.    Plaintiff promptly returned the vehicle to Mercedes-Benz of Beverly Hills on June

14   19, 2024, and it remained at the dealership for over 75 days, from June 20, 2024, to October 2,

15   2024. Although the dealership completed repairs and returned the vehicle, Plaintiff has lost faith

16   in its safety and reliability.

17        11.    Throughout Plaintiff's ownership, the vehicle has consistently been returned from

18   the dealership with unresolved or new defects, impairing its use, value, and safety. Mercedes-

19   Benz USA, LLC and Mercedes-Benz of Beverly Hills have failed to properly repair the vehicle,

20   fixing one set of issues only for another set to arise, leaving Plaintiff without a reliable or safe

21   vehicle.

22        12.    Plaintiff brings this action seeking redress under the California Lemon Law

23   (Song-Beverly Consumer Warranty Act), California Civil Code § 1793.2, the Magnuson-Moss

24   Warranty Act, 15 U.S.C. § 2301, and other applicable consumer protection statutes, including the

25

1  California Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, and the

2  Unfair Competition Law (UCL), California Business & Professions Code § 17200.

3

4  **COUNT I: Breach of Express Warranty**
   **(California Civil Code § 1793.2(d), 15 U.S.C. § 2301)**

5  **(Against Mercedes-Benz USA, LLC)**

6      13.    Plaintiff realleges and incorporates by reference all prior allegations.

7      14.    Mercedes-Benz USA, LLC provided an express warranty that the 2023 Mercedes-

8  Benz EQC 450+ would be free from defects in materials and workmanship.

9      15.    Despite multiple repair attempts, Mercedes-Benz USA failed to resolve the brake

10  system, Keyless Go system, and hood latch failure defects, breaching the express warranty under

11  California Civil Code § 1793.2(d) and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301.

12      16.    Plaintiff's vehicle has been in the repair shop for over 75 days, from June 20, 2024

13  to October 2, 2024, significantly impairing its use and value.

14      17.    Plaintiff is entitled to a refund, replacement, or damages due to Mercedes-Benz

15  USA's failure to meet its obligations under the express warranty.

16

17

18  **COUNT II: Breach of Implied Warranty of Merchantability**
   **(California Civil Code §§ 1792, 1791.1)**

19  **(Against Mercedes-Benz USA, LLC and Mercedes-Benz of Beverly Hills)**

20      18.    Plaintiff realleges and incorporates by reference all prior allegations.

21      19.    Under California Civil Code §§ 1792 and 1791.1, both Mercedes-Benz USA,

22  LLC and Mercedes-Benz of Beverly Hills impliedly warranted that the 2023 Mercedes-Benz

23  EQC 450+ was fit for the ordinary purpose of providing safe and reliable transportation.

24

25

20.     At the time of the lease, Plaintiff reasonably expected the vehicle to meet basic standards of reliability, safety, and performance.

21.     Mercedes-Benz USA, LLC breached this implied warranty by leasing a vehicle with significant defects, including a defective hood latch, brake system issues, and Keyless Go malfunctions, all of which rendered the vehicle unfit for its intended use.

22.     After the hood latch failure on June 19, 2024, Plaintiff returned the vehicle to Mercedes-Benz of Beverly Hills for repairs. Despite repeated attempts, the defects were not adequately repaired, demonstrating that Mercedes-Benz of Beverly Hills also breached the implied warranty by returning the vehicle to Plaintiff in a defective and unsafe condition.

23.     The vehicle was out of service for over 75 days, further demonstrating that it was unfit for use during that time. The inability to resolve these defects in a reasonable time frame further violates the implied warranty.

24.     The vehicle's defects—including those involving essential safety features such as the hood latch—compromised the vehicle's safety, reliability, and merchantability, leaving Plaintiff unable to use the vehicle as expected.

25.     As a result of these breaches, Plaintiff has been harmed and is entitled to recover damages, including a refund of all lease payments, incidental and consequential damages, and any other relief the Court deems just under California Civil Code §§ 1792 and 1791.1.

## COUNT III: Violation of Magnuson-Moss Warranty Act
### (15 U.S.C. § 2301 et seq.)
### (Against Mercedes-Benz USA, LLC)

26.     Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs of this Complaint as if they were fully set forth herein.

27.     Plaintiff is a "consumer" as defined under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3), and Mercedes-Benz USA, LLC is a "warrantor" under 15 U.S.C. § 2301(5).

28.     Mercedes-Benz USA, LLC provided written warranties that the 2023 Mercedes-Benz EQC 450+ would be free from defects in materials and workmanship during the warranty period, as required under 15 U.S.C. § 2302.

29.     Plaintiff brought the vehicle to Mercedes-Benz USA's authorized dealership, Mercedes-Benz of Beverly Hills, for repairs as required under the warranty terms, yet the vehicle remained defective after each attempt at repair.

30.     The vehicle has been out of service for over 75 days due to these unresolved issues, causing Plaintiff to lose use of the vehicle for an extended period, which constitutes a violation of the warranty.

31.     Mercedes-Benz USA, LLC breached its obligations under the Magnuson-Moss Warranty Act, as it failed to:

   - Meet its obligations to repair the vehicle under the express warranty.
   - Ensure the vehicle met the implied warranty of merchantability, as the defects rendered the vehicle unfit for its ordinary use.

32.     Plaintiff has incurred substantial damages due to the ongoing defects and extended time out of service, including:

- Loss of use of the vehicle.

- Costs for towing, rental vehicles, and other incidental expenses.

- Emotional distress due to the vehicle's unsafe condition.

33.     Plaintiff is entitled to recover actual damages, including all amounts paid toward the lease, consequential and incidental damages, as well as attorney's fees and costs, as permitted under 15 U.S.C. § 2310(d).

34.     Additionally, Mercedes-Benz USA's failure to comply with its obligations under the warranty entitles Plaintiff to seek further equitable relief, including the repurchase or replacement of the vehicle.

**COUNT IV: Violation of California's Lemon Law (Song-Beverly Consumer Warranty Act)**
**(California Civil Code § 1793.2 et seq.)**
**(Against Mercedes-Benz USA, LLC and Mercedes-Benz of Beverly Hills)**

35.     Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs of this Complaint as if they were fully set forth herein.

36.     Plaintiff leased the 2023 Mercedes-Benz EQC 450+ with the expectation that the vehicle would be free from defects and would operate safely under normal use, as required by the Song-Beverly Consumer Warranty Act, California Civil Code § 1793.2.

37.   The Act mandates that if a manufacturer or its authorized repair facility is unable to repair a vehicle after a reasonable number of attempts, the consumer is entitled to a replacement or refund of the purchase price, including collateral charges.

38.   Mercedes-Benz USA, LLC and its authorized dealership, Mercedes-Benz of Beverly Hills, were unable to repair the vehicle's serious defects, including:

- The hood latch failure, which caused the hood to fly open while Plaintiff was driving at 65 mph on the freeway, posing a severe safety risk to Plaintiff and her daughter.

- Brake system issues that jeopardized the vehicle's ability to safely stop.

- A persistent Keyless Go malfunction, further affecting the vehicle's safety and reliability.

39.   These defects have substantially impaired the vehicle's use, value, and safety, and despite Plaintiff's reasonable efforts to seek repairs, the defects remain unresolved.

40.   Plaintiff's vehicle has been out of service for over 75 days, during which Mercedes-Benz USA, LLC and Mercedes-Benz of Beverly Hills failed to adequately address or resolve the defects, demonstrating non-compliance with California Civil Code § 1793.2(b).

41.   Mercedes-Benz USA, LLC and Mercedes-Benz of Beverly Hills have had multiple opportunities to repair the vehicle's defects but failed to provide a lasting remedy, entitling Plaintiff to relief under the California Lemon Law.

42.     Due to Mercedes-Benz USA's failure to comply with the Act, Plaintiff is entitled to a refund or replacement of the vehicle, as well as reimbursement for all related expenses, including:

    - The lease down payment and monthly lease payments.

    - Incidental and consequential damages, such as towing fees and rental car costs.

    - Emotional distress caused by the dangerous defects and prolonged repair period.

43.     Furthermore, because Mercedes-Benz USA, LLC's failure to repair the vehicle was willful, Plaintiff is entitled to civil penalties of up to twice the amount of actual damages under California Civil Code § 1794(c).

44.     Plaintiff seeks all available remedies under the Song-Beverly Consumer Warranty Act, including civil penalties, damages, attorney's fees, and any other relief the Court deems appropriate.


**COUNT V: Negligence**
**(Against Mercedes-Benz of Beverly Hills)**
**(California Business & Professions Code § 17200)**


45.     Plaintiff realleges and incorporates by reference all prior allegations.

46.     Mercedes-Benz of Beverly Hills owed Plaintiff a duty to properly inspect and repair the vehicle to ensure it was safe and operational.

47.     Mercedes-Benz of Beverly Hills breached this duty by failing to repair the hood latch, brake system, and Keyless Go issues despite multiple attempts, returning the vehicle to Plaintiff in a dangerous and defective condition.

48.     On June 19, 2024, after picking up the vehicle from Mercedes-Benz of Beverly Hills, the hood latch failed while Plaintiff was driving at 65 mph on the freeway, causing the hood to fly open and obstruct Plaintiff's vision, endangering both Plaintiff and her daughter.

49.     The vehicle was returned to Mercedes-Benz of Beverly Hills and remained out of service for over 75 days, during which time the dealership failed to adequately repair the defects.

50.     As a direct result of the dealership's negligent repairs and failure to address critical safety issues, Plaintiff suffered damages, including:

-Emotional distress from the dangerous defects.

-Loss of use of the vehicle for an extended period.

-Financial losses related to towing, rental cars, and other incidental expenses.

51.     Mercedes-Benz of Beverly Hills' negligent conduct breached the duty of care it owed to Plaintiff and directly caused the defects and harm Plaintiff suffered.

52.     Plaintiff seeks damages for the emotional distress and financial harm caused by Mercedes-Benz of Beverly Hills' negligence.///

**COUNT VI Violation of California Consumers Legal Remedies Act (CLRA)**
**(California Civil Code § 1750 et seq.)**
**(Against Mercedes-Benz USA, LLC and Mercedes-Benz of Beverly Hills)**

53.     Plaintiff realleges and incorporates by reference all prior allegations.

54.     Mercedes-Benz USA, LLC and Mercedes-Benz of Beverly Hills engaged in unfair and deceptive practices in violation of the California Consumers Legal Remedies Act (CLRA), California Civil Code § 1750 et seq., by misrepresenting the safety and reliability of the 2023 Mercedes-Benz EQC 450+.

55.     Mercedes-Benz USA, LLC knowingly leased a vehicle with serious defects, including a defective hood latch, brake system, and Keyless Go malfunction, without disclosing these material defects to Plaintiff at the time of leasing.

56.     Mercedes-Benz USA and Mercedes-Benz of Beverly Hills further misrepresented that the vehicle would be repaired after Plaintiff experienced issues, but despite multiple repair attempts, the vehicle remained defective and unsafe.

57.     Plaintiff's counsel sent a letter to each Defendant providing notice under the CLRA, detailing the defects and the violation of Plaintiff's rights under the Act. Defendants failed to properly respond or remedy the situation within the required 30-day period, in violation of California Civil Code § 1782.

58.    As a result of Defendants' deceptive practices and failure to disclose material facts, Plaintiff suffered damages, including financial loss, emotional distress, and significant safety risks.

59.    Plaintiff is entitled to recover actual damages, restitution, punitive damages, attorney's fees, and any other relief the Court deems proper under California Civil Code § 1780.

## **PRAYER FOR RELIEF**

60.    WHEREFORE, Plaintiff prays for judgment against Mercedes-Benz USA, LLC and Mercedes-Benz of Beverly Hills, jointly and severally, as follows

1. For actual damages, including all amounts paid toward the lease, incidental and consequential damages, and other financial losses related to towing, rental cars, and repairs.

2. For restitution and replacement of the defective vehicle or, alternatively, a full refund of the lease payments made.

3. For civil penalties under the Song-Beverly Consumer Warranty Act, including up to twice the amount of actual damages, due to Defendants' willful failure to comply with the Act.

4. For damages under the Magnuson-Moss Warranty Act, including costs for towing, rental cars, and other incidental expenses, and for the loss of use of the vehicle for over 75 days.

5. For damages under the California Lemon Law, including reimbursement for Plaintiff's down payment, monthly lease payments, towing, rental car costs, and other related incidental and consequential damages.

6. For emotional distress damages resulting from Defendants' failure to provide a safe and operable vehicle, and for exposing Plaintiff and her daughter to dangerous conditions due to the hood latch failure.

7. For punitive damages under the California Consumers Legal Remedies Act (CLRA), based on Defendants' deceptive practices and misrepresentation of the vehicle's condition and safety.

8. For reasonable attorney's fees and costs, as provided by law, including under the Song-Beverly Consumer Warranty Act, Magnuson-Moss Warranty Act, and CLRA.

9. For any such further relief as the Court deems just and proper.

## **JURY**

61.    Plaintiff reserves her right under Section 16 of Article 1 of the Constitution of the State of California to a trial by jury and hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 11th day of October, 2024.

By:    *Judith K. Robenzadeh, Esq.*
Judith K. Robenzadeh, Esq.
Attorney for Plaintiff, Soheila Khakshouy

Sabrina C. Narain (SBN 299471)
sabrina.narain@ltlattorneys.com
Jacky P. Wang (SBN 222464)
jacky.wang@ltlattorneys.com
Alexandra B. Jara (SBN 355695)
alexandra.jara@ltlattorneys.com
**LTL ATTORNEYS LLP**
300 South Grand Ave., Suite 3950
Los Angeles, CA 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
ltl-e-service@ltlattorneys.com

Attorneys for Defendant
**MERCEDES-BENZ USA, LLC**

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| SOHEILA KHAKSHOUY,<br><br>                    Plaintiff,<br><br>        v.<br><br>MERCEDES-BENZ USA, LLC, and<br>MERCEDES-BENZ OF BEVERLY HILLS;<br>DOES 1-10 INCLUSIVE,<br><br>                    Defendant. | **CASE NO.   24STCV26474**<br><br>**DEFENDANT MERCEDES-BENZ USA,<br>LLC'S ANSWER TO PLAINTIFF<br>SOHEILA KHAKSHOUY'S UNVERIFIED<br>COMPLAINT**<br><br>Judge:        Hon. Joseph Lipner<br>Dept.:        72<br><br>Complaint Filed:   October 11, 2024<br>Trial Date:        None Set |

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Defendant MERCEDES-BENZ USA, LLC ("Defendant") hereby answers the unverified Complaint of Plaintiff SOHEILA KHAKSHOUY ("Plaintiff") on file as follows:

## PREAMBLE

Prior to this suit, Plaintiff demanded a repurchase of the Subject Vehicle on or about July 25, 2024. Defendant approved a repurchase and sent Plaintiff an approval letter for their demand on September 24, 2024. Plaintiff filed this suit on October 11, 2024, and served Defendant with process on October 17, 2024. As such, Defendant alleges that Plaintiff's Complaint lacks merit under the provisions of Civil Code section 1794, subdivision (a), as Defendant has complied with its statutory obligations under Civil Code section 1793.2, subdivision (d)(1), when, before Plaintiff filed their Complaint Defendant offered Plaintiff full restitution in the form of a good faith offer to repurchase Plaintiff's Vehicle. Furthermore, Plaintiff cannot establish that Defendant failed to comply with Defendant's statutory obligations, or that any such failure to comply was willful under Civil Code section 1794, subdivisions (c) and (e), which therefore precludes any imposition of civil penalties on Defendant.

## GENERAL DENIAL

1.      Pursuant to the provisions of Code of Civil Procedure section 431.30, subdivision (d), Defendant denies generally and specifically, all of the allegations contained in the Complaint and specifically denies that it caused or contributed to any alleged damages, and further denies that Plaintiff has been or will be damaged in any sum or sums, either as alleged, otherwise, or at all.

## AFFIRMATIVE DEFENSES

2.      Defendant alleges on information and belief, and where information is not available but the failure to allege would result in waiver of the defense, the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Cause of Action)

3.      Plaintiff's Complaint, each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant and Defendant denies that Plaintiff was damaged in any sum or sums, or at all.

/ / /

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

4.      Defendant is informed and believes, and on that basis alleges, that some or all of Plaintiff's claims may be barred by the statute of limitations, including but not limited to limitations contained within Commercial Code section 2725, Code of Civil Procedure sections 338 and 340, and Civil Code section 1783.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

5.      Plaintiff is estopped from obtaining the relief sought or pursuing any of the claims raised or causes of actions contained in the Complaint, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

## FOURTH AFFIRMATIVE DEFENSE

(Waiver)

6.      Plaintiff has waived their right to the claims, causes of action and relief sought in this Complaint against Defendant, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

## FIFTH AFFIRMATIVE DEFENSE

(Laches)

7.      Plaintiff has unreasonably delayed the commencement of this action to the prejudice of Defendant. Therefore, the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

(Economic Loss Rule)

8.      Plaintiff's causes of action have not accrued because Plaintiff cannot establish that they suffered injury directly from the subject vehicle or products, and therefore Plaintiff's contention that the subject vehicle or products failed to adequately perform their functions are barred by the economic loss rule.

/ / /

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**SEVENTH AFFIRMATIVE DEFENSE**

(Vehicle Fit for Intended Purpose)

9.      Defendant is informed and believes, and on that basis alleges, that the subject vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability. (*American Suzuki Motor Corporation v. Superior Court* (1995) 37 Cal.App.4th 1291.)

**EIGHTH AFFIRMATIVE DEFENSE**

(Duration of Implied Warranty)

10.      Defendant is informed and believes, and on that basis alleges, that some or all of the alleged defects did not arise until more than three months had elapsed since the subject vehicle was sold to Plaintiff. Accordingly, Plaintiff is not entitled to relief for such concerns under the breach of the implied warranty of merchantability. Civil Code section 1795.5.

**NINTH AFFIRMATIVE DEFENSE**

(Lack of Maintenance and Other Exclusions)

11.      Defendant is informed and believes, and on that basis alleges that Plaintiff and/or others may have improperly cared for and maintained the subject vehicle, and that some of Plaintiff's concerns may have been proximately caused by such lack of maintenance of the subject vehicle or products. Defendant reserves the right to identify additional exclusions which may be applicable.

**TENTH AFFIRMATIVE DEFENSE**

(Unreasonable or Unauthorized Use of Vehicle)

12.      Defendant is informed and believes, and on that basis alleges, that some of Plaintiff's concerns may be barred by Plaintiff's unreasonable or unauthorized use of the vehicle. (Civil Code section 1794.3.)

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Timely Revocation of Acceptance)

13.      Plaintiff has no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance before a substantial change in the condition of the goods.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Reasonable Number of Attempts to Repair Afforded)

14.    The Complaint, each and every cause of action therein, does not state facts sufficient to meet the statutory presumption of a reasonable number of repair attempts under the terms of the Civil Code section 1793.22(b).

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Preemption)

15.    The Complaint, each and every cause of action therein, in whole, or in part, are preempted by the Federal National Traffic and Motor Vehicle Safety Act pursuant to 49 U.S.C. sections 30118 *et seq.*

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Performance)

16.    Prior to the commencement of this action, Defendant fully performed, satisfied and discharged all duties and obligations it may have owed to Plaintiff arising out of any and all agreements, representations or contracts made by it or on their behalf and this action is therefore barred by the provisions of Civil Code section 1473.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Failure to Abide by Terms of Warranty)

17.    Claims by Plaintiff of breach of warranty are barred because of Plaintiff's failure to give timely and appropriate notice of any claim of breach of warranty.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Failure to Use Third-Party Dispute Resolution)

18.    Defendant makes available a qualified third-party dispute resolution process, and therefore, they are entitled to relief under certain provisions of the Song-Bervely Consumer Warranty Act.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

19.    Plaintiff is barred from recovery, in whole or in part, on the ground that Plaintiff is

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  subject to the defense of accord and satisfaction.

2  ### EIGHTEENTH AFFIRMATIVE DEFENSE

3  (Good Faith Evaluation)

4      20.    At all times, Defendant's evaluation of Plaintiff's repurchase request has been in

5  good faith, consequently, Plaintiff has no claim for civil penalty for any alleged willful violation.

6  ### NINETEENTH AFFIRMATIVE DEFENSE

7  (Failure to Notify)

8      21.    Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed

9  to provide timely notice, within a reasonable period of time after discovery of their claims and

10  alleged defects. As a result, Defendant has been damaged and prejudiced. Therefore, the Complaint

11  and each cause of action therein, is barred as a matter of law.

12  ### TWENTIETH AFFIRMATIVE DEFENSE

13  (Complete Performance)

14      22.    Defendant has appropriately, completely and fully performed and discharged any and

15  all obligations and legal duties arising out of the matters alleged in the Complaint.

16  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

17  (Compliance with Laws)

18      23.    Defendant has complied with all laws and regulations with regard to the subject

19  matter of Plaintiff's Complaint and is therefore not liable to Plaintiff for any damages that they may

20  have sustained, if any.

21  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

22  (Good Faith)

23      24.    At all times relevant and material to this action, Defendant acted reasonably and in

24  good faith.

25  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

26  (Independent Causes)

27      25.    The alleged injuries, damages or loss, if any, for which Plaintiff seeks recovery, were

28  the result of causes independent of any purported acts or omissions on the part of Defendant, or any

of its agents, representatives or employees, thereby eliminating or reducing the alleged liability of Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Inspect)

26.    Defendant alleges that Plaintiff's damages, if any, may have been caused by the failure of third parties, unrelated to Defendant, to properly inspect the subject vehicle or products, thereby eliminating or reducing the alleged liability of Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Maintain)

27.    Defendant alleges that any and all conditions in the subject vehicle or products described in the Complaint, if any there were, were solely a result of the failure to properly maintain and service the subject vehicle or products, thereby eliminating or reducing the alleged liability of Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Breach)

28.    Defendant alleges it did not breach any duties to Plaintiff, thereby barring and/or precluding Plaintiff from recovery.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Affirmative Conduct)

29.    Defendant alleges that there was no affirmative conduct on the part of Defendant, which allegedly caused or contributed to Plaintiff's alleged injuries and therefore Plaintiff has no cause of action against Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Substantial Factor)

30.    Defendant alleges that the negligence and other legal fault alleged in the Complaint as against Defendant, if any, was not a substantial factor in bringing about Plaintiff's alleged injuries and, therefore, was not a contributing cause.

/ / /

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Excessive/Speculative Damages)

31.     Defendant alleges that the damages allegedly sustained by Plaintiff, if any, was excessive, exaggerated, unreasonable, speculative, inflated or otherwise unnecessary and/or unrelated to the alleged incident.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

32.     If Plaintiff suffered any loss, damage or injury, it was directly or proximately caused by, and is the result of, Plaintiff's conduct and/or their potential failure to mitigate any such loss, damage or injury.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Disclaimer of Incidental and Consequential Damages)

33.     Defendant is informed and believes, and on that basis alleges, that by the terms of the limited warranty for the subject vehicle at issue, Defendant is not liable for incidental or consequential damages.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(No Civil Penalty)

34.     Defendant is informed and believes, and on that basis alleges, that Plaintiff is barred from the recovery of a civil penalty by reason of Plaintiff's failure to serve written notice pursuant to Civil Code section 1794, subdivision (e)(3).

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Set Off)

35.     Defendant alleges that if it is established that Defendant is in any manner legally responsible for any of the damages claimed by Plaintiff, which is denied, Defendant is entitled to a set off of these damages, if any, that resulted from the wrongful acts of Plaintiff and/or others.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Spoliation of Evidence)

36.     The subject vehicle or products identified in the Complaint that was allegedly

designed, manufactured and distributed by Defendant is missing, has been modified or altered and/or is no longer available for Defendant's possession, which impacts Defendant's defense in this case. Defendant is therefore entitled to relief from this spoliation, including appropriate jury instructions, admonitions and any other relief afforded by the Court.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Fees and Costs)

37.     Defendant is informed and believes, and on that basis alleges, that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against Defendant. Plaintiff should therefore be responsible for all of Defendant's necessary and reasonable attorney's fees and defense costs as permitted by California law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to Join an Indispensable or Necessary Party)

38.     Defendant is informed and believes and thereon alleges that the Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to include an indispensable or necessary party in the Complaint. In the absence of this indispensable or necessary party, complete relief cannot be accorded among the existing parties. The indispensable or necessary party is required to protect parties' interest and to avoid multiple or inconsistent obligations, if any, by the Defendant.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Arbitration Agreement)

39.     Defendant is informed and believes, and on that basis alleges, that this dispute is subject to an arbitration agreement with Plaintiff such that this matter is properly brought before a qualified arbitrator rather than in the instant court.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

40.     Defendant is informed and believes, and on that basis allege, that an award of punitive or exemplary damages to Plaintiff would violate Defendant's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to, the

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, (1) any award of punitive or exemplary damages would be grossly out of proportion to the alleged wrongful conduct and purported injury at issue here; (2) there is no legitimate state interest in punishing the alleged wrongful conduct at issue here, or in deterring its possible repetition; (3) the alleged wrongful conduct at issue here is lawful in other jurisdictions; (4) the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant the imposition of any punitive or exemplary damages; and (5) the criteria for the imposition of punitive or exemplary damage are unconstitutionally vague and uncertain and fail to provide fair notice of what conduct will result in the imposition of such damages.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Punitive Damages -- If Any -- Must Be Limited)

41.    Defendant specifically incorporates by reference, as if fully set forth herein, any and all standards or limitations regarding the determination and enforceability of punitive damages awards as set forth in *State Farm Mutual Automobile Insurance Company v. Campbell* (2003) 123 S.Ct. 1513, and *BMW of North America v. Gore* (1996) 116 S. Ct. 1589.

### FORTIETH AFFIRMATIVE DEFENSE

(Unclean Hands)

42.    All causes of action in this Complaint asserted by Plaintiff are barred by the doctrine of unclean hands.

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Intervening and Superseding Actions)

43.    Plaintiff's damages, if any, were the direct and proximate result of intervening and superseding actions on the part of other persons and entities, and not the actions of Defendant. Defendant further alleges that these intervening and superseding causes bar any recovery against Defendant by Plaintiff.

/ / /

/ / /

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

44.    Defendant is informed and believes and thereon alleges that Plaintiff and or their agents were negligent and/or at fault in or about the matter and activities described in the Complaint, and that this negligence or fault contributed to, and/or was the proximate cause of Plaintiff's alleged damages, if any. Defendant further alleges that if it is found to be negligent and that Plaintiff is entitled to recover damages against it, such recoveries should be diminished by the degree of negligence on the part of Plaintiff and/or their agents and proportioned to the degree of negligence or fault attributable to Defendant, if any.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Vehicle Conformed to the Warranty)

45.    Defendant is informed and believes and thereon alleges that if it is determined that the subject vehicle failed to conform at any time with any applicable warranty extended by Defendant. Defendant alleges that the vehicle is now fully in conformity with such warranty.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Mileage Offset)

46.    Defendant alleges that it intends to take advantage of the reduction authorized by Civil Code section 1793.2, subdivision (d)(2)(C), if Defendant is found in violation of the Song-Beverly Consumer Warranty Act.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (No Material Defects/Workmanship Defects)

47.    Defendant is informed and believes and thereon alleges that the condition of the Subject Vehicle, as described in the Complaint, does not constitute material defects and/or workmanship defects.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Alteration)

48.    The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody and control of Defendant. Any alleged damage or defect to the subject

automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale by persons other than Defendant or any of its agents, servants, or employees, thereby barring Plaintiff's recovery herein.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

(Prevention of Performance)

49.     Because Plaintiff's actions both prevented and excused Defendant's performance under the Song-Beverly Act and any and all applicable warranties, Plaintiff's claims are barred in whole or in part by the prevention of performance doctrine.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

(Consent)

50.     The repair process to Plaintiff's vehicle was appropriate and proper and is believed to have been done with Plaintiff's consent.

### FORTY-NINTH AFFIRMATIVE DEFENSE

(Implied Warranty)

51.     Each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code section 1791.1, subdivision (c).

### FIFTIETH AFFIRMATIVE DEFENSE

(Failure to Provide Reasonable Opportunity to Repair)

52.     Plaintiff is precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act as Plaintiff failed and refused to provide a reasonable opportunity to repair.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Provide Notice)

53.     Defendant is informed and believes, and based thereon alleges, that Plaintiff failed to provide notice to this answering defendant pursuant to Civil Code section 1794, subdivision (e)(3). Plaintiff is therefore barred from asserting the presumptions set forth in Civil Code section 1793.22 and from recovering civil penalties pursuant to Civil Code section 1794, subdivision (e).

/ / /

/ / /

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

(Standing)

54.    Plaintiff lacks standing to pursue any of the claims herein, thereby barring or limiting Plaintiff's right to recovery or to other remedies against Defendant.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

(Unnecessary Attorney's Fees, Costs and Expenses)

55.    Defendant promptly offered to repurchase Plaintiff's vehicle prior to litigation, as Defendant approved Plaintiff's demand for a repurchase of the Subject Vehicle in good faith prior to Plaintiff filing the instant action. Therefore, under *MacQuiddy v. Mercedes Benz, LLC* (2015 233 Cal.App.4th 1036), Defendant disputes that the attorney's fees, costs, or expenses incurred by Plaintiff are recoverable.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

(Improper CLRA Notice)

56.    Defendant is informed and believes, and on that basis alleges, that Plaintiff failed to comply with the notice requirements to assert a cause of action for violation of the Consumer Legal Remedies Act. Civil Code section 1782(a); *Outboard Marine Corporation v. Superior Court* (1975) 52 Cal.App.3d 30.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

(Constitutionality of Punitive Damages)

57.    The claims of Plaintiff are in contravention of Defendant's rights under applicable clauses of the United States and California Constitutions, including without limitation the following provisions: (a) said claims constitute an impermissible burden on interstate commerce in contravention of Article I, Section 8 of the United States Constitution; (b) said claims contravene the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; (c) said claims violate Defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution; (d) said claims contravene the constitutional prohibition against vague and overbroad laws; and (e) said claims contravene the Due Process Clause of the California Constitution.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

(Punitive Damages Improperly Pled/Not Recoverable)

58.     Defendant is informed and believes, and on that basis alleges, that Plaintiff has not properly pled a claim for punitive damages and these damages are not recoverable based on the facts contained in Plaintiff's Complaint, or are otherwise barred by the provisions of California Civil Code sections 3294, 3295, and 3296, or such conduct was adopted, ratified or authorized by Defendant under California Civil Code section 3294(b).

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

(Punitive Damages Impermissible for Extra-Territorial Conduct)

59.     Any award of punitive damages based on anything other than Defendant's conduct in connection with the design, manufacture, and sale of the subject vehicle or products that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct.

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

(Additional Affirmative Defenses)

60.     Defendant reserves its right to raise and plead additional defenses and/or affirmative defenses which might become known during the course of discovery, as well as to dismiss any defenses which, as a result of discovery, are determined to be unsupported by good faith reliance upon either the facts or the law, or a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

**PRAYER**

WHEREFORE, Defendant prays for the following relief:

1.     That Plaintiff takes nothing by reason of Plaintiff's Complaint, and that this action be dismissed in its entirety with prejudice;

2.     That judgment be entered in favor of Defendant, on all causes of action;

3.     That Defendant recover its costs of suit incurred herein as well as attorneys' fees to

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

the extent permitted by law; and

4.    That Defendant be awarded such other and further relief as the Court may deem just and proper.


Dated:  November 18, 2024

LTL ATTORNEYS LLP

By: _____
       Sabrina C. Narain, Esq.
       Jacky P. Wang, Esq.
       Alexandra B. Jara, Esq.
       Attorneys for Defendant
       **MERCEDES-BENZ USA, LLC**

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action. My business address is 300 South Grand Ave., Suite 3950, Los Angeles, CA 90071. My email address is valerie.morales@ltlattorneys.com.

On November 18, 2024, I served the foregoing document(s) described as **DEFENDANT MERCEDES-BENZ USA, LLC'S ANSWER TO PLAINTIFF SOHEILA KHAKSHOUY'S UNVERIFIED COMPLAINT** on the interested parties in this action by sending a true copy thereof to the address listed below.

☐　　**BY MAIL:**  I placed such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒　　**BY ELECTRONIC MAIL:**  I transmitted the above-listed document(s) to the e-mail address(es) set forth below on this date.

☐　　**BY PERSONAL SERVICE:**  I arranged for Express Network Company to deliver such envelope by hand to the individuals listed below.

☐　　**BY OVERNIGHT COURIER:**  I caused each envelope with fees prepaid shipped by Federal Express.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 18, 2024, at Los Angeles, California.

_/s/ Valerie Morales_____
Valerie Morales

Case No.: 24STCV26474

PROOF OF SERVICE

1

## <u>SERVICE LIST</u>

2

*Soheila Khakshouy v. Mercedes-Benz USA, LLC*

3

Superior Court Case No.: 24STCV26474

4

5

6

7

Judith K. Robenzadeh, Esq, Esq.          Attorneys for Plaintiff
**ROBENZADEH LAW, P.C.**                 **SOHEILA KHAKSHOUY**
324 S. Beverly Drive. #1211
Beverly Hills, CA 90212
Telephone: (310) 666-4328
Judith@robenzlaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- ii -                                    Case No.: 24STCV26474
SERVICE LIST